UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| LAURA M. BECK, | Case No. 09-CV-3728 (PJS/JSM) |
| Plaintiff, | |
| v. | ORDER |
| CHET BORGER, BREMER BANK OF WATERTOWN, and MICHAEL C. VINCENT, | |
| Defendants. | |

Plaintiff Laura M. Beck filed this lawsuit, which seeks to challenge various orders entered by the Hennepin County and Wright County district courts and by the Minnesota Court of Appeals. In this and every other case, the Court must determine whether it has subject-matter jurisdiction before proceeding to decide the case on its merits. *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982); *see also* Fed. R. Civ. P. 12(h)(3). After reviewing Beck's complaint, the Court became concerned that the *Rooker-Feldman* doctrine deprived the Court of subject-matter jurisdiction over this action. Under the *Rooker-Feldman* doctrine, federal district courts lack subject-matter jurisdiction over lawsuits brought by plaintiffs who "ha[ve] litigated and lost in state court" and whose federal complaints "essentially invite[] federal courts of first instance to review and reverse unfavorable state-court judgments." *Exxon Mobil Corp. v. Saudi Basic Inds. Corp.*, 544 U.S. 280, 283 (2005). The Court therefore ordered Beck to "submit a memorandum of law by January 22, 2010, in which she shows cause why her complaint should not be dismissed for lack of subject-matter jurisdiction, pursuant to the *Rooker-Feldman* doctrine." Docket No. 4.

Beck did not file a memorandum addressing the *Rooker-Feldman* issue raised by the Court, but she did file a "Motion to Clarify & Add A Third Defendant." Docket No. 5. The motion to clarify appears to be an attempt by Beck to amend her complaint — and, in fact, was docketed by the Clerk of Court as a motion to amend or correct her complaint. *Id*.

The Court finds both Beck's original complaint and her motion to clarify to be difficult to follow. The Court understands that Beck is alleging injuries inflicted by a number of state-court judgments, including a state-court custody determination, a state-court "OFP" (which the Court understands to mean an "order for protection"), and a state-court decree. It also understands Beck to contend that one or more of these judgments was obtained via "fraud on the court" consisting of collusion or conspiracy of defendants, breaches of contract, construction fraud, mail fraud, and unspecified acts by lawyers. Compl. at 2.

Again, though, under the *Rooker-Feldman* doctrine, this Court has no authority to grant relief from state-court judgments. If Beck believes that she has been harmed by a decision of a state court — or that a decision of a state court was obtained by fraud on that court — then Beck must seek relief in state court. To the extent that Beck asks this Court to grant her relief from the orders of state courts, then, her claims are dismissed without prejudice for lack of jurisdiction. *Frederiksen v. City of Lockport*, 384 F.3d 437, 438 (7th Cir. 2004) (*Rooker-Feldman* doctrine requires dismissal without prejudice); *cf. County of Mille Lacs v. Benjamin*, 361 F.3d 460, 464 (8th Cir. 2004) ("A district court is generally barred from dismissing a case with prejudice if it concludes subject matter jurisdiction is absent.").

As best as the Court can tell, *all* of the claims that Beck has asserted or wishes to assert are barred by the *Rooker-Feldman* doctrine. But Beck's papers are difficult to follow, and thus it

is possible that Beck is asserting or wishes to assert a claim that does not complain of an injury suffered because of a state-court order. To the extent that Beck is asserting such claims — that is, claims that are not barred by the *Rooker-Feldman* doctrine — the Court dismisses those claims without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Under § 1915(e)(2)(B)(ii), a district court may "at any time" dismiss a complaint filed in forma pauperis if the Court determines that the complaint fails to state a claim on which relief may be granted. *See Atkinson v. Bohn*, 91 F.3d 1127, 1128-29 (8th Cir. 1996).[1] Beck's complaint and motion for clarification, taken together, do not satisfy the basic pleading requirements of Rules 8, 9, 10, and 11 of the Federal Rules of Civil Procedure. Perhaps most significantly, Beck has not included in her complaint or motion for clarification "a short and plain statement of the claim showing that the pleader is entitled to relief," as required by Rule 8(a)(2).

To satisfy Rule 8(a)(2), "a claimant need not 'set out in detail the facts upon which [she] bases [her] claims,' but must 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Gardner v. First Am. Title Ins. Co.*, 294 F.3d 991, 994 (8th Cir. 2002) (quoting *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 512 (2002)). Beck has not provided a simple and comprehensible explanation of the basic historical facts on which her claims are based such that defendants would have fair notice of the grounds on which they are being sued. Nor has she stated a basis for the Court's jurisdiction, as required by Rule 8(a)(1), pleaded her fraud allegations with the particularity required by Rule 9(b), or followed the format

---

[1] Beck's application to proceed in forma pauperis [Docket No. 2], filed the same day as her complaint, is pending.

prescribed by Rule 10(b). Though Beck, as a pro se litigant, is entitled to a liberal construction of her pleadings, *Atkinson*, 91 F.3d at 1129 (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam)), "[p]ro se litigants are not excused from compliance with substantive and procedural law." *Brown v. Frey*, 806 F.2d 801, 804 (8th Cir. 1986).

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT this action is DISMISSED WITHOUT PREJUDICE. Plaintiff Laura M. Beck's application to proceed in forma pauperis [Docket No. 2], motion to appoint counsel [Docket No. 3], and motion to clarify and add a third defendant [Docket No. 5] are DENIED AS MOOT.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: March 29, 2010
        s/Patrick J. Schiltz
        Patrick J. Schiltz
        United States District Judge